## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY STOKES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:21-cv-3918** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **EDWARD GONZALES, in his official** | § | |
| **Capacity as Sherrif of Harris County** | § | |
| **And SGT ROBERT HOOD** | § | |
| **Officially and individually;** | § | |
| **Defendants.** | § | |

## <u>COMPLAINT</u>

**COMES NOW** the Plaintiff, Larry Stokes, by and through his attorney of record David J. Batton, hereby submit the following Causes of Actions and or Claims for Relief against Defendants, ("Defendants") that have arisen out of a pattern of retaliatory discriminatory conduct and animus; Plaintiff hereby states and allege as follows:

### JURISDICTION AND VENUE

1.  Jurisdiction is proper as the Plaintiff resides and or is employed by Defendant Harris County through the Harris County Sheriff's Office (hereinafter "HCSO") within the State of Texas and Harris County, Texas.

2.  Defendant Harris County is a political subdivision organized under the laws of the State of Texas and is located in and doing business in Harris County at all times pertinent to the action and Plaintiff's contentions and claims for damages within the meaning of 42 U.S.C. §§ 1983, 1981 and 1988, Title VII of the Civil Rights Act 42 U.S.C. § 2000(e);

and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA) and the laws of the State of Texas.

3.   Defendant HCSO is a political subdivision organized under the laws of the State of Texas and is located in and doing business in Harris County at all times pertinent to the action and Plaintiff's contentions and claims for damages within the meaning of 42 U.S.C. §§ 1983, 1981 and 1988, Title VII of the Civil Rights Act 42 U.S.C. § 2000(e); and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA) and the laws of the State of Texas.

4.   Defendant, Sgt. Robert Hood (hereinafter "Sgt. Hood"), is an employee of HCSO as a supervising sergeant. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Sgt. Hood occurred within Harris County, Texas.

5.   Compensatory damages and injunctive relief are available under the U.S. Constitution and laws of the State of Texas, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*. ("Title VII"), as well as 42 U.S.C. §§ 1981, 1983 and 1988, and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA) and the laws of the State of Texas.

6.   Costs and attorney's fees may be awarded to Plaintiff.

7.   This Court has jurisdiction over the parties and the subject matter of this action; and, this action properly lies in the Southern District of Texas, Houston Division because the claims herein arose in this judicial district and all Parties are located herein.

**PARTIES AND STATUTORY PREREQUISITES**

8.     Defendants Harris County  and or HCSO was and are now Political Subdivisions of the State of Texas, Harris County. Plaintiff was employed by the HCSO during the relevant periods.

9.     In conformance with any statutory prerequisites, Plaintiff submitted his intake questionnaire and pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a Right to Sue letter, which was issued on or about September 3, 2021. Plaintiff therefore timely filed this action within the statutory ninety (90) day time period.

10.     Defendants Harris County and or HCSO are employers within the meaning of Title VII, and is located within the jurisdiction of this Court having more than 500 employees.

11.     The individual Defendant although employed has acted beyond the scope of his authority and or assigned duties and have been taking actions against the Plaintiff beyond the scope of his duties as a law enforcement officer and perpetuated his vendettas against Plaintiff at various times and manners within Harris County.


**FACTUAL ALLEGATIONS**

12.      Plaintiff is a Detention Officer with HCSO and a racial minority (African male) with limited responsibilities working in the Joint Processing Center ("JPC")

13.     Even though Plaintiff is a well qualified Detention Officer, having been a valued employee for many years for the Texas Department of Corrections ("TDC").

14.     Plaintiff upon retiring from TDC in good standing was hired by HCSO and place in the JPC. Plaintiff was to be provided training on the various systems and positions within the JPC as a Detention Officer. However, since his employment, Plaintiff has been treated with outward distain and ostracized him from learning new positions and or attempting to be assigned to other positions within the JPC.

15.     When he attempted to hold them accountable for promises of cross and or collateral training and or pointing out violations of ADA and or other policies and procedures related to Plaintiff's status including the need to obtain FMLA relief, he became targeted and denied the ability to obtain additional training and or assignments that were not as physically tasking as he has been performing.

16.     Plaintiff attempted to hold Defendants accountable for their dilatory conduct and various violations of policy and had requested reassignments only to be continually placed in the position of manning the "search wall" in the JPC and tasks requiring extensive physical activity more than other younger less qualified employees in the JPC..

17.     Defendant Sgt. Hood has treated and continues to treat Plaintiff in a hateful retaliatory manner and demeaned him at every opportunity and or function.

18.     Plaintiff was well-qualified to perform his assigned duties based upon his extensive work history and expertise and stellar work performance.  Plaintiff requested training on other systems or positions that could accommodate his perceived and or know disabilities and age related functions. Sufficient positions are available for Plaintiff to be assigned to that would not require as much physical activity.

4

19.     HCSO intentionally failed refused and neglected to properly investigate and or address the adverse claims made by Plaintiff. HCSO allowed and continues to allow the fabrications against Plaintiff to be treated as truthful and has continued to allow Sgt. Hood to ostracize and isolate Plaintiff  without just and reasonable cause.

20.     Plaintiff was subsequently ridiculed, made fun of, ignored, and essentially treated as a leper class of persons unworthy of respect or association with HCSO due in part to his age (68) and treated in a manner designed to get him to leave HCSO claiming he is told old to be a Detention Officer and intentionally refused to allow him any opportunity for advancement and or promotion as he continues to be denied training and or to obtain experience for the various functions performed by all other younger employees assigned to the JPC.

21.     The individual Defendant (younger and white) embarked on a scheme or plan to falsely cause HCSO to discriminate against Plaintiff knowing that HCSO would rely on his false and fictious claims so that HCSO would prevent Plaintiff from obtaining rank and or other positions and to degrade Plaintiff and ruin his otherwise good reputation.

22.     The individual Defendant did in furtherance of such scheme or plan had taken overt steps pursuant to such scheme or plan. Including but not limited to writing degrading and misleading memos and or emails, intentionally interfering with Plaintiff's interests in his good name and reputation.

5

23.     The individual Defendant and HCSO  prevented Plaintiff from achieving any higher management rank or position motivated in part by Plaintiff's  status of a black male over the age of 40 who has perceived disabilities.

24.     Defendant HCSO has intentionally created an atmosphere to systematically degrade, devalue, and eliminate Plaintiff from any association as a supervisor and such responsibilities based significantly upon or motivated in part by his status as a black male over the age of 40 who with perceived disabilities is presumed to be incapable of performing the essential functions of his position.

25.     Defendants have taken one or more overt acts in furtherance of such scheme. These include but not limited to the following:

   a.  Sending out disparaging emails about Plaintiff and or allowing and supporting use of false and fictitious claims to allow and promote ridicule of the Plaintiff.

   b.  Degrading emails about Plaintiff's alleged conduct prior to any investigation.

   c.  Questioning the competence of Plaintiff and refusing to address the evidence presented and or provided by Plaintiff to refute the false allegations.

   d.  Isolating Plaintiff from the rest of the JPC and treating him in disparaging manner presuming him to be incapable of performing any other job assignments or to have additional training .

   e.  Allowing the individual Defendant to continue to degrade and insinuate the incompetence and or misconduct of Plaintiff.

   f.   Allowing false allegations of wrongdoing that were not substantially supported to be lodged against Plaintiff who was acting in accordance with their constitutional and statutory rights, privileges, and immunities to associate with younger less qualified employees who were not perceived with a disability;

g.   Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities under color of law; to be free from racially/age/disability based motivated discipline or false accusations and being isolated in his strenuous position and employment standing.

26.   Prior to being forced to file this action, HCSO has intentionally refused to provide relevant information to Plaintiff  regarding any federal EEOC inquires made.  To HCSO.  Plaintiff was ostracized and continues to be punished by HCSO officials in a hostile environment based upon his election to challenge the false statements and mistreatment he has been receiving.

27.   Plaintiff on numerous occasions has attempted to obtain additional training and reassignments but has been refused and negative statements regarding his age and or disability have been made indicating he is not a welcome employee.

28.   In all respects, Plaintiff possessed the necessary qualifications, training, service time, and experience to hold the rank of Sargeant or above within the HCSO along with comparable benefits and respect had been given the opportunity to receive additionally training and experience in other positions within the JPC.

29.   The constant actions and abuse by HCSO have caused Plaintiff continued emotional distress as racism and discriminatory conduct by HCSO is designed to prevent other employees over 40 and or with perceived disabilities to seek advancement.

## CLAIM FOR RELIEF
## HSCO FAILURE TO TRAIN AND SUPERVISE

30.     Paragraphs 1 through 32 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

31.     This action is maintained against HCSO for discriminatory  practices, customs and policies, failure to enforce policies, or creating an atmosphere or allowing its employees to believe that their actions are no subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiff's protected rights in EEO activity to defend against false allegations and claims. .

32.     At all material times, HCSO failed to properly train and or supervise employees or other involved workers or to properly and readily and meaningfully provide proper inquires or investigations of referrals regarding EEO violations. HCSO took incidents that were claimed to have happened more than six (6) months in the past and stale to be treated as if such were happening on a daily basis.

33.     At all material times, HCSO failed to properly train and or supervise its' employees to properly and honestly conduct inquires and or investigations of referrals of purported improper or illegal activities. To properly document such allegations and avoid simply relying on the individual Defendant false claims and believe such is substantiated by intentionally discounting conflicting evidence that does not support such allegation presented by Plaintiff. HCSO has retaliated against Plaintiff and refused him any training or reassignment to prevent promotions or assignments to other positions solely due to his participation in EEO activity and perceived age and disability endeavors.

34.     At all material times, HCSO failed to properly train and or supervise others to appropriately and proportionately respond to purported claims of mismanagement, racially and or sexual and or gender-based discrimination and or abusive treatment and or creation of a hostile work environment and or allowing or not prohibiting retaliation against such employees identifying such activities and or whistleblowing of improper or illegal activities of employees.

35.     HCSO developed and maintained policies and customs using deliberate indifference to the statutory and constitutional rights of persons employed by HCSO which caused the violation Plaintiffs rights. Acting under color of law, pursuant to official policy or custom, or lack of such policy or custom, HCSO, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights, failed to instruct, supervise, control, and discipline on a continuing basis its employees, including the individual Defendant and his duties to refrain from:

   a.   unlawfully and maliciously harassing an employee who was acting in accordance with their constitutional and statutory rights, privileges, and immunity;

   b.   unlawfully and maliciously creating accusations of wrongdoing, discipline, retaliating against an employee or prohibiting free association of the employee that did not otherwise exist or is not substantially supported against an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

   c.   unlawfully and maliciously creating false or unsupported accusations of threating witnesses or potential witnesses, or creating an oppressive secret system of not disclosing information;

   d. otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities; and,

e. allowing and encouraging individual members of HCSO to believe and act as if such individuals are not subject to the same laws and are immune from discipline or their actions are always justified regardless of the lack of reasonableness; and or such actions will be protected by HCSO motivated in part due a discriminatory animus against Plaintiff due to his race (black) and age (68) and or due to his involvement in protected EEO activity as a complaining witness or victim of abuse.

g. failure to provide meaningful supervision regarding the actions of HCSO employees and or failure to report or take meaningful disciplinary actions against an offending HCSO employee for making false reports; and,

h. failure to restrict or supervise investigative activities and properly train or supervise such investigative activities and acceptable conduct towards Plaintiff or to provide for the safety and protection of employees who are not subject to any reasonable opportunity to defend against such unfounded or unsupportable accusations regarding a hostile work environment that could not exist.

i.   intentionally creating an atmosphere that instills a mental attitude that black male over 40 with perceived disability employee is not provided any protection or equal benefits from those younger non-minority employees.

36.    HCSO had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspiring to be done as heretofore alleged, were about to be committed and were preventable.

37.    It was the policy and/or custom of HCSO to inadequately supervise and train its supervisors or individual thereby failing to adequately discourage further constitutional violations on the part of their employees. HCSO did not provide appropriate in-service training or retraining of supervisory employees or individual members who were known to engage in misconduct or gross neglect or falsely claim offensive comments that could not permeate the work environment.

38.     HCSO directly or indirectly, under color of law, approved and or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual Defendants heretofore described either directly or by omission.

39.     At all material times, HCSO failed to properly train or supervise its staff and others to recognize and react to situations that might require de-escalation or disengagement rather than allow the use of oppressive conduct or fabrications or use misleading information to justify discriminatory actions against Plaintiff and his status of being allowed to defend against the false and misleading claims  and or treatment by the individual Defendant.

40.     At all material times, HCSO failed to properly train or supervise its human relations representative and others to properly identify when circumstances require HCSO  to properly investigate and evaluate various instances before concluding no wronging existed.

41.     At all material times, HCSO failed to properly train its staff and employees and others not to threaten or intimate employees and threaten them with loss of benefits for being involved in protected EEO activity to challenge false and fictitious accusations of violations of discrimination or hostile work environment.

42.     The failure of HCSO to train its members constitutes a deliberate indifference to the rights of Plaintiff and other employees.

43.     As a result of the failure to properly train its agents by HCSO Plaintiff has and will suffered immediate and irrevocable harm including but not limited to emotional upheaval and depression, for which HCSO is liable for all pecuniary losses, including,

11

but not limited to, legal and costs expenses incurred; all future legal and cost or loss of

income expenses; any and all reasonable attorney's fees and compensatory money

damages for mental pain and suffering,  inconvenience, loss of enjoyment of life, and

mental and/or emotional distress, humiliation and embarrassment, and loss of economic

opportunities.

**FIRST CLAIM FOR RELIEF**
**HCSO VIOLATIONS UNDER TITLE VII**
**42 U.S.C. §§ 2000e et seq**
**(RACE DISCRIMINATION IN VIOLATION OF TITLE VII)**

44.    Plaintiff hereby incorporates the preceding paragraphs 1 through 46 as

though fully set forth herein and further states as follows.

45.    By and through, but not limited to, the events described above, Plaintiff's

terms and conditions of employment were adversely affected, and a hostile work

environment was created, due to the on-going racial/gender-based discrimination directed

towards him.

46.    In particular, but not limited to, hostile work environment discrimination

due to Plaintiff's race/gender- based and his participation in challenging the false claims

made by the individual Defendants who have surreptitiously developed a scheme to ruin

the credibility of Plaintiff and prevent him from supervising them or hold them

accountable for being dilatory.

47.    By and through, but not limited to, the actions described above, HCSO has

violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§

2000e.

48.     As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses

49.     Plaintiff has been injured by this racial discrimination and is entitled to compensatory damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

50.     Defendants' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of damages.

51.     At all times material hereto HCSO was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). On information and belief, at all times material hereto HCSO was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto HCSO was a person engaged in an industry affecting commerce who had 500 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiffs' employment or the preceding calendar year.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST INDIVIDUAL DEFENDANT

52.     For the Sixth Claim of Plaintiff's Complaint, Plaintiff adopts and re-alleges all paragraphs 1 through 54 as if pled herein and further states and alleges:

53.     Defendant Sgt. Hood's individual conduct of constantly harassing Plaintiff and threatening Plaintiff and retaliating against Plaintiff was so extreme and outrageous

as to go beyond all bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

54.     Defendant Sgt. Hood individually intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure by their actions including discriminating false and fictitious rumors or statements to others and making accusations and retaliating against Plaintiff.

55.     As the direct and proximate result of Defendant Sgt Hood's individual actions, Plaintiff has suffered damages and is entitled to recover actual damages in excess of $75,000.00

56.     Defendant Sgt Hood's individual unlawful actions were intentional, willful, malicious, and taken in reckless disregard for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages against Defendant Sgt. Hood individually.

**THIRD CLAIM FOR RELIEF FAILURE TO TRAIN OR SUPERVISE (42 USC §§ 1981, 1983 and 1988) DEFENDANTS FOR VIOLATIONS OF FIRST AND FOURTEENTH AMENDMENTS BY A POLICY AND OR CUSTOM AND OR LACK OF POLICY**

57.     Paragraphs 1 through 59 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

58.     This action is maintained against Defendants (individually or collectively) for their practices, customs and policies, failure to enforce policies, or creating an atmosphere or allowing its employees to believe that their actions are no subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiff's rights within the meaning of 42 U.S.C. §§ 1981, 1983 and 1988.

59.     At all material times, HCSO failed to properly train and or supervise its staff and or individual Defendants or other involved HCSO workers or investigators or to properly and readily and meaningfully provide proper inquires or investigations of referrals regarding gender-based discrimination.

60.     At all material times, HCSO failed to properly train and or supervise its employees to properly and honestly conduct inquires and or investigations of referrals of purported improper or illegal activities. To properly document such allegations and avoid simply relying on a false claim and believe such is substantiated by intentionally discounting conflicting evidence that does not support such allegation.

61.     At all material times, HCSO failed to properly train and or supervise its employees and others to appropriately and proportionately respond to purported claims of mismanagement, gender and or racial and or sexual based discrimination and or abusive treatment and or creation of a hostile work environment and or allowing or not prohibiting retaliation against such employees identifying such activities and or whistleblowing of improper or illegal activities of employees or elected officials.

62.     HCSO developed and maintained policies and customs using deliberate indifference to the statutory and constitutional rights of persons employed by HSCO which caused the violation Plaintiff's rights. Acting under color of law, pursuant to official policy or custom, or lack of such policy or custom, HCSO knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis its employees, including Sgt. Hood and their duties to refrain from:

a.  unlawfully and maliciously harassing an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunity;

b. unlawfully and maliciously creating accusations of wrongdoing, discipline, retaliating against an employee or prohibiting free association of the employee that did not otherwise exist or is not substantially supported against an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

c. unlawfully and maliciously creating false or unsupported accusations of threating witnesses or potential witnesses, or creating an oppressive secret system of not disclosing information;

d. conspiring through individual members of Defendants and or with individual members of HCSO to violate the rights, privileges and immunities guaranteed to Plaintiff by the constitution and laws of the United States and the laws of the State of Texas; and,

e. otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities; and,

f. allowing and encouraging individual members of Defendants to believe and act as if such individuals are not subject to the same laws and are immune from discipline or their actions are always justified regardless of the lack of reasonableness; and or such actions will be protected by members HCSO.

g. failure to provide meaningful supervision regarding the actions of Sgt. Hood and failure to report or take meaningful disciplinary actions against an offending county employee; and,

h. failure to restrict or supervise investigative activities and properly train or supervise such investigative activities and acceptable conduct towards Plaintiff or others or to provide for the safety and protection of those persons who are subject to being questioned or facing discipline especially when the allegations are not properly documented or investigated and the purported offending employee does not have any procedural or substantive grievance opportunities or ability to be heard or any reasonable opportunity to defend against such unfounded or unsupportable accusations.

i. intentionally creating an atmosphere that instills a mental attitude that public employees are not provided any protection from those holding office.

16

63.     Defendants had knowledge or, had it diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspiring to be done as heretofore alleged, were about to be committed and were preventable.

64.     Defendants had the power and responsibility to prevent or aide in preventing the commission of such wrongs and could have done something to prevent the wrongs; however, Defendants knowingly, recklessly, and/or with deliberate indifference or callous disregard of Plaintiffs' rights, failed and refused to do so.

65.     It was the policy and/or custom of Defendants to inadequately supervise and train its supervisors or individual Board members, including Koranda, thereby failing to adequately discourage further constitutional violations on the part of their employees including Koranda. Defendants did not provide appropriate in-service training or retraining of supervisory employees or individual Board members who were known to engage in misconduct or gross neglect.

66.     Defendants directly or indirectly, under color of state law, approved and or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Koranda heretofore described either directly or by omission.

67.     At all material times, Defendants failed to properly train or supervise Sgt. Hood and others to recognize and react to situations that might require de-escalation or disengagement rather than allow the use of oppressive conduct or fabrications or use misleading information to justify disciplinary action of Plaintiff or others.

68.     At all material times, Defendants failed to properly train or supervise Sgt Hood and others to properly identify when circumstances require him to properly investigate and evaluate various instances before concluding wronging existed.

69.     At all material times, Defendants failed to properly train Sgt. Hood and others not to threaten or intimate employees and threaten them with loss of employment for whistleblowing activities.

70.     As a result of numerous failings in training Sgt. Hood, Defendants violated Plaintiffs' rights under the First, Fifth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States and of the Constitution for the State of Texas, as well as preventing Plaintiff from obtaining future advances in his employment.

71.     The failure of Defendants to train its employees constitutes a deliberate indifference to the rights of Plaintiff with whom Defendants or their agents come into contact, especially when exerting unbridled authority over such employees.

72.     As a result Plaintiff will suffered immediate and irrevocable harm including but not limited to emotional upheaval and depression, for which Defendants are liable for all pecuniary losses, including, but not limited to, legal and costs expenses incurred; all future legal and cost or loss of income expenses; any and all reasonable attorney's fees, pursuant to 42 USC § 1988(b); any and all expert fees, pursuant to 42 USC §1988(c); and compensatory money damages in an amount exceeding $75,000 for mental pain and suffering,  inconvenience, loss of enjoyment of life, and mental and/or emotional distress, humiliation and embarrassment, and loss of economic opportunities.

73. Plaintiff hereby incorporates the preceding paragraphs 1 through 72 as though fully set forth herein and further states as follows against HCSO..

74. A determining factor in the decisions to subject Plaintiff to different terms and conditions of employment and negatively impact his employment without just or appropriate cause was his age 68.

75. HCSO had been on a course and policy to remove all older employees as such made more money and or increased HCSO costs and or perceived reputation regarding of hiring and maintaining younger employees.

76. Along with being a racial minority, Plaintiff and or others similarly situated are being systematically removed and younger less qualified employees were being hired to achieve the perception of a younger department and or decrease benefits payments.

77. Defendant HCSO adverse actions against Plaintiff in part because of his age violated the ADEA and caused damages to Plaintiff.

78. Defendant HCDO's violation of the ADEA was willful and intentional.

79. Plaintiff is entitled to all remedies and relief provided for a violation of the ADEA. Defendant HCSO is liable to Plaintiff for the harm, damages, and losses caused to him for violation of the ADEA.

80. This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act, 29 U.S.C § 2601 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

81. The plaintiff is a qualified individual with a disability. The plaintiff performed his managerial job well but lost it as soon as the company learned he had been diagnosed with a physical ailment regarding long hours and walking, which is an actual disability under the Americans with Disabilities Act. In addition, Plaintiff was regarded as having a disability by HCSO and been denied training and or reassignments as a result.

82. Violation of Family and Medical Leave Act 15. One reason that the Family and Medical Leave Act (FMLA) was enacted was to protect people facing serious medical conditions from dismissal when they needed time off to deal with their medical issues. Sadly, as soon as HCSO learned that Plaintiff would need time off for his disability, it preemptively has denied him opportunity for training and or reassignment. This clearly interfered with Plaintiff's right to leave and thus violates the FMLA.

83. Because the HSCO's actions were willful and thus render the imposition of liquidated damages appropriate, the Plaintiff is entitled to declaratory and or injunctive relief as well an award of these damages under the FMLA.

**WHEREFORE**, Plaintiff, prays for a judgment that the conduct engaged in by Defendants is in violation of Plaintiffs' rights; declaratory relief, injunctive relief, for an award to Plaintiff for equitable relief of back salary; lost benefits, liquidated and/or compensatory damages, in an amount in excess of $75,000.000; training and costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment; prejudgment interest and for any such other legal or equitable relief this Honorable Court deems just and proper and declare the rights and responsibilities of fire prevention employees.

**Respectfully submitted,**

**/s/  *David J. Batton***

**David J. Batton**
**Law Office of David J. Batton**
**Texas State Bar No. 24124813**
**OK State Bar No. 11750**
**U.S. D.C., SD TX: 43854**
**(330 W. Gray, Suite 304)**
**P.O. Box 1285**
**Norman, OK 73070**
**Telephone: (405) 310-3432**
**Facsimile: (405) 321-5851**
**dave@dbattonlaw.com**
**battonlaw@coxinet.net**

***Attorney for Plaintiff***